**UNITED STATES ex rel. C. C. BELL MFG. CO., Inc., v. LANDIS & YOUNG et al.**

No. 2623.

District Court, W. D. Louisiana, Shreveport Division.

Jan. 23, 1936.

Munholland & Munholland, of Monroe, La., for plaintiffs.

Hardin & Coleman, Mabry & Carstarphen, and E. W. & P. N. Browne, all of Shreveport, La., Theus, Grisham, Davis & Leigh, of Monroe, La., and Felix Cornitius, of St. Louis, Mo., for defendants.

DAWKINS, District Judge.

This proceeding was filed under the Heard Act, 40 U.S.C.A. § 270. The defendant contractor, Landis & Young, intervened and seeks judgment against one of its subcontractors and the surety on the latter's bond for an alleged overpayment. The subcontractor and its surety have moved to dismiss the intervention for the reason that such demands cannot be liquidated here.

As pointed out by this court in United States ex rel. General Iron Works v. Maples et al., 6 F.Supp. 354, and United States ex rel. Buckelew Hardware Co. v. Union Indemnity Company, 6 F.Supp. 360, in a proceeding of this kind only claims against the funds due by the government to its contractor and upon the bond of the latter can be litigated; it is in the nature of an action in rem as to those funds and upon that bond, which cannot have ingrafted upon it claims against the sureties of subcontractors. If a claimant for material or labor intervenes, then I see no reason why either the general contractor or a subcontractor may not answer and contest the correctness of such claim, pleading credits or offsets thereto for the purpose of establishing the just amount due the claimant; but, as to all demands by the contractor against subcontractors and their sureties, the same are relegated to an independent proceeding.

For the reasons assigned, the motion to dismiss should be sustained.

Proper decree should be presented.

In this same case Geo. Sproull Company has also intervened and seeks to recover a balance for materials furnished against Gossett & Winn, subcontractors, and the surety upon the latter's bond. A motion to strike or dismiss the demand as against both Gossett & Winn and its said surety has also been made.

For the purpose of liquidating the claim against the subcontractor, I think it may be made party to determine the correct and just amount entitled to participate in the funds in the hands of the·government, or in the recovery upon the bond of the principal contractor with the government, which was given for the benefit of all persons so furnishing material or labor to the contractor or subcontractor on the job; but the intervener cannot make the surety of the subcontractor party to this proceeding or recover against it for the amount due by its principal. Intervener's remedy in this proceeding, in so far as the sureties are concerned, is against those of the original contractor alone.

The motion will, therefore, be sustained in so far as the Maryland Casualty Company is concerned.

Proper decree should be presented.